

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-05-460-CV

IN RE GUARDIANSHIP OF THE
ESTATE OF KATHRYN H. GIBBS,
AN INCAPACITATED PERSON

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Kenneth Gibbs, as Independent Executor of the Estate of Bert H. Gibbs, argues that the Denton County statutory probate court lacked jurisdiction to make certain orders in the Guardianship of Kathryn H. Gibbs because the guardianship expired as a matter of law years before the probate court signed the orders. We agree, and we vacate the orders in question.

---

[1] *See* TEX. R. APP. P. 47.4.

## Background

Kathryn Gibbs is the mother of Howard Gibbs, Kenneth Gibbs, Candace Gibbs Walton, and Appellee Kip Gibbs. Bert Gibbs, deceased, was Kathryn's husband. Appellee Sandra Gibbs is Kip's wife.

On May 7, 2001, Kip and Sandra filed in the Denton County Probate Court an application to be appointed temporary co-guardians of Kathryn's estate. On the same day, the trial court granted the application and appointed them as temporary co-guardians until May 17, 2001.

On May 15, 2001, Kathryn and her court-appointed guardian ad litem consented to the extension of the order appointing Kip and Sandra as temporary co-guardians for a period not to extend beyond July 6, 2001, and the probate court signed a corresponding order on the same day.

On June 29, 2001, Kip and Sandra filed an application to convert the temporary guardianship into a permanent guardianship. On July 6, 2001, the probate court signed another order purporting to extend the order appointing Kip and Sandra as temporary co-guardians until August 3, 2001. On October 5, 2001, after hearing the application to convert the guardianship from temporary to permanent, the probate court signed an order purporting to extend the original order appointing Kip and Sandra as temporary co-guardians yet again—this time "until further order of [the court]." The probate court also

2

ordered another lawsuit—in which Kip, as Kathryn's next friend, sued his siblings for restitution and breach of fiduciary duty—transferred and made ancillary to the guardianship. The final judgment in that case was the subject of a companion appeal recently resolved by this court. *See In re Guardianship of Gibbs,* No. 02-05-00143-CV*,* 2008 WL 902761 (Tex. App.—Fort Worth Apr. 3, 2008, no pet. h.) (op. on reh'g) ("*Gibbs I*"). The probate court also ordered the divorce action pending between Kathryn and Bert in the 362nd District Court of Denton County transferred to the probate court as a proceeding ancillary to the guardianship.

The probate court signed an order purporting to convert the temporary guardianship to a permanent guardianship on April 27, 2004.

Thereafter, the probate court signed the five orders underlying this appeal, as follows:

(1)  The November 28, 2005 order approving the guardianship's "first annual account" for the period from May 12, 2004, through May 12, 2005;

(2)  The November 28, 2005 order authorizing compensation for Kip and Sandra for services rendered as co-guardians from May 12, 2004 until May 12, 2005;

(3)  The January 23, 2006 order authorizing Kip and Sandra to employ co-counsel;

(4)  The January 23, 2006 order authorizing the payment of attorney's fees; and

3

(5) The February 6, 2006 order authorizing the expenditure of certain funds.

**Procedural History of This Appeal**

Before turning to the merits of the case, we must unravel the tangled procedural history of this appeal and resolve several pending motions.

Bert died on December 31, 2004. On September 26, 2005, Probate Court No. 2 of Tarrant County admitted Bert's will to probate and appointed Howard as independent executor of Bert's estate. The very next day, for reasons that do not appear in the record, the Tarrant County probate court revoked Howard's letters testamentary but sent notice of the revocation to the wrong lawyer, and Howard did not learn that the court had revoked his letters until April 11, 2006. Meanwhile, Howard, acting as independent executor of Bert's estate, perfected this appeal on March 20, 2006.

Kip and Sandra filed a motion to dismiss the appeal on June 20, 2006, arguing that Howard had no authority to prosecute the appeal because the probate court had revoked his letters testamentary. On July 11, 2006, the Tarrant County probate court appointed Kenneth as successor executor of Bert's estate and retroactively reappointed Howard as executor from September 27, 2005, through July 11, 2006. On August 18, 2006, we granted Howard's motion to substitute Kenneth for Howard as appellant.

4

On September 25, 2006—again, for reasons that do not appear of record—the Tarrant County probate court set aside its July 11, 2006 order in its entirety. The next day, the probate court sent a letter to the parties stating that Bert's will had not been admitted to probate and that no independent executor had been appointed to act on behalf of the estate.

On September 28, 2006, Howard and Kenneth filed their motion in this court to substitute themselves, personally, as appellants in place of Kenneth as the independent executor of Bert's estate. A week later, Kip and Sandra filed a second motion to dismiss, arguing that the notice of appeal is void because no one had authority to file the notice on behalf of Bert's estate.

Finally, on November 14, 2006, pursuant to a Rule 11 agreement executed by the parties, the Tarrant County probate court signed an order re-admitting Bert's will to probate and re-appointing Kenneth as independent executor.

Our August 18, 2006 order substituted Kenneth for Howard as appellant in his capacity as independent executor of Bert's estate. The Tarrant County probate court's November 14, 2006 order re-appointing Kenneth as independent executor restored Kenneth's authority to prosecute the appeal. We therefore deny Kip and Sandra's first and second motions to dismiss the appeal; Kip and Sandra's motion to reconsider our August 18, 2006 order; and Howard

and Kenneth's motion to substitute in as appellants in their personal capacities. We now turn to the merits of the appeal.

**Discussion**

In his sole issue, Kenneth argues that the Denton County probate court lacked jurisdiction to make the five orders at issue because the temporary guardianship expired by operation of law on July 6, 2001—years before the court made the orders. We agree.

We addressed the same issue in our opinion in the companion appeal, *Gibbs I*. The question in the companion appeal was whether the probate court lacked subject matter jurisdiction over the restitution and breach of fiduciary duty suit filed by Kip as Kathryn's next friend and transferred to the probate court on October 5, 2001. *Gibbs I*, 2008 WL 902761, at *2. Howard, Candace, and Kenneth argued that the trial court lacked jurisdiction over the claims because the temporary guardianship expired by operation of law on July 6, 2001. *Id*. The parties raise most of the same arguments in the instant appeal.

Among other holdings, we held in *Gibbs I* that the temporary guardianship expired by operation of law on July 6, 2001:

> Probate code section 875(h) provides that a temporary guardianship expires by operation of law sixty days after the guardianship is commenced, unless it is contested within the sixty-day period. In this case, the sixtieth day after the trial court issued

6

the May 7, 2001 order approving the temporary guardianship was July 6, 2001. Appellants did not contest the application for temporary guardianship. Therefore, the temporary guardianship expired by operation of law on July 6, 2001.

*Id.* at *5 (citations omitted). We further held that "[w]hen the temporary guardianship expired without a contest, the trial court had no authority to continue the guardianship, or to direct the guardians to further act." *Id.* at *6.

Kip and Sandra proffer several reasons why the probate court had jurisdiction to make the subject orders even after the temporary guardianship expired. Kip raised almost all of the same arguments in his brief and motion for rehearing in the companion appeal, and we analyzed and rejected those arguments. *Id.* at *5–7.

Kip and Sandra make one additional argument in this appeal that was not raised and rejected in the companion appeal. They argue that Kenneth conceded the existence of a temporary guardianship and the trial court's jurisdiction by requesting the probate court to transfer an ancillary proceeding (the divorce suit between Bert and Kathryn) to itself—in essence, that Kenneth waived the right to contest the probate court's jurisdiction by requesting the transfer. But subject-matter jurisdiction cannot be waived and can be raised at any time. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004). Thus, we reject Kip and Sandra's argument that Kenneth waived subject-matter jurisdiction.

We adopt the relevant holdings of our opinion in the companion appeal and for the reasons therein stated hold that the temporary guardianship expired as a matter of law on July 6, 2001, and that the only actions the trial court was authorized to take were those necessary to close the temporary guardianship and discharge the temporary guardians. *See Gibbs I*, 2008 WL 902761, at *5. Because the five orders in question in this appeal were not necessary to close the temporary guardianship and discharge the temporary guardians, we further hold that the probate court lacked jurisdiction to make the orders. We sustain Kenneth's sole issue.

**Conclusion**

Having sustained Kenneth's sole issue, we vacate the following orders of the probate court: (1) the November 28, 2005 order approving the guardianship's first annual account; (2) the November 28, 2005 order authorizing compensation for Kip and Sandra for services rendered as co-guardians; (3) the January 23, 2006 order authorizing Kip and Sandra to employ co-counsel; (4) the January 23, 2006 order authorizing the payment of attorney's fees; and (5) the February 6, 2006 order authorizing the expenditure of certain funds.

PER CURIAM

PANEL A: GARDNER, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED: April 17, 2008

8